UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CEDRIC J. MARBURY,

      Plaintiff,                         Case No. 1:06-cv-196

  vs.                                  Spiegel, J.
                                       Black, M.J.

LORA ABRAHAM, *et al.*,

      Defendants.

**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTION TO DISMISS (Doc. 7) BE GRANTED AND THIS CASE BE CLOSED**

Plaintiff is an inmate who brings this action pursuant to 42 U.S.C. § 1983. This matter is before the Court on defendants' motion to dismiss (doc. 7) and the parties' responsive memoranda (docs. 10, 11).

**I.**

Plaintiff, a prisoner in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC") formerly placed at the Warren Correctional Institution in Lebanon, Ohio, filed this action alleging Eighth Amendment violations by prison officials with respect to conditions of his confinement, particularly interference with access to the courts. Defendants are employees of ODRC, to wit: Lora Abraham, Unit Manager, Chae Harris, Deputy Warden of Operations, and Julia Bush, Deputy Warden of Special Services.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Plaintiff's complaint alleges that he was denied the opportunity to timely appeal an adverse decision to the Supreme Court of Ohio. Specifically, plaintiff asserts that after filing a Notice of Appeal with to the Supreme Court of Ohio, he was placed in segregation under an administrative investigation on May 13, 2004. (Doc. 1, ¶ 8). On or about May 13, 2004, plaintiff received notice from the Clerk of the Supreme Court of Ohio advising him that his Notice of Appeal could not be filed because it was not accompanied by the proper supporting documents. (*Id*. at ¶ 9). The letter further stated that the materials must be received no later than May 24, 2004.

On or about May 15, 2004, plaintiff asserts that he showed defendant Harris the letter from the Clerk and explained that he needed access to his legal materials in the vault. Plaintiff alleges that he also informed defendant Bush and defendant Abraham that he needed access to his legal materials in order to submit the proper documents to the Supreme Court of Ohio.

On or about May 19, 2004, plaintiff was escorted to the vault and retrieved his legal materials. Plaintiff alleges that he completed the forms for the Clerk and delivered them to Lt. Williams. Plaintiff further alleges that Lt. Williams represented that he would mail the documents to the Clerk of the Supreme Court by May 20, 2004. (*Id*. at ¶ 20.)

Plaintiff was released from segregation on May 20, 2004. On May 24, 2004, plaintiff received a copy of the "Personal A/C Withdrawal Check Out-Slip" which indicated that the cashier did not process the mail order for the documents until May 24, 2004. Thereafter, on May 26, 2004, plaintiff was notified by the Clerk that his Notice of

Appeal was not filed because he failed to attach the necessary documents. The letter also informed plaintiff that he could pursue a delayed appeal. Plaintiff requested a delayed appeal on June 23, 2004, but his request was denied on August 4, 2004.

On August 16, 2004, plaintiff utilized the prisoner grievance procedure, by filing an "Informal Complaint Resolution Form" relating to the facts surrounding his alleged failure to timely obtain his legal materials while in segregation and the alleged delayed mailing of the materials to the Clerk. The Informal Complaint Resolution Form clearly states that it must be "completed by the inmate within 14 days of incident." Plaintiff's grievance was denied as untimely on October 8, 2004. Plaintiff filed another grievance on February 23, 2006, alleging the same claims. Plaintiff's second grievance was also denied as untimely.

Defendants now move to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff has failed to exhaust his administrative remedies as is required by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997e(a). Plaintiff was significantly tardy both times he attempted to avail himself of the grievance process, and his grievances and appeals were denied. Accordingly, for the reasons that follow, the undersigned finds defendants' motion to dismiss to be well-taken.

**II.**

In ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the factual allegations in the complaint must be taken as true and construed in a light most favorable to plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir. 1989); *see also Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994).

### III.

Under 42 U.S.C. § 1997e, a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act, 42 U.S.C. §1997e(a) provides, in pertinent part:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In *Woodford v. Ngo*, 126 S. Ct. 2378 (2006), the Supreme Court held that to properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules." Furthermore, "the 'applicable procedural rules' that a prisoner must exhaust are defined not by the PLRA,

but by the prison grievance process itself." *Jones v. Bock*, 127 S.Ct. 910, 913. (2007) Thus, compliance with prison grievance procedures is required by the PLRA to "properly exhaust." *Id*. at 922-23.

  ODRC maintains a three-step inmate grievance system that is available to all inmates at each of its institutions. This system allows inmates to seek relief regarding "any aspect of institutional life that directly and personally affects the grievant." At the first level of the grievance system, the inmate submits an informal complaint to the staff member with responsibility, or to the direct supervisor of the staff member, or to the department most directly responsible over the subject matter with which the inmate is concerned. If the inmate is not satisfied with the results, he may take the second step by filing a formal grievance with the inspector of institutional services at the prison where he is confined. That inspector will investigate the matter and issue a written response to the inmate's grievance. If the inmate is still dissatisfied, he may pursue the third step, which is an appeal to the office of the Chief Inspector of ODRC. *See* Ohio Admin. Code section §5120-9-31. An inmate does not exhaust his remedies under §5120-9-31 until he has received a decision in an appeal to the office of the Chief Inspector.[2]

  All inmates in the custody of ODRC are given both written and oral instructions on how to use the grievance system, including instructions on appeals to the Chief Inspector's office and direct grievances to that office, as required by Ohio Admin. Code

---

[2] In circumstances where the inmate alleges misconduct on the part of the warden or inspector of institutional services at the prison where he is confined, he may initiate a grievance directly with the office of Chief Inspector. See Ohio Admin. Code §5120-9-30. There is no appeal from the Chief Inspector's decision in a direct grievance under §5120-9-30.

§5120-9-31(D).

Here, plaintiff's first informal complaint was filed nearly three months following the incident about which he complains. However, in order properly exhaust his administrative remedies, plaintiff must comply with prison grievance procedures. *See Jones* 127 S.Ct. at 922 -923, and, as noted above, the prison's grievance procedure directs that his informal complaint be filed within 14 days of incident. Thus, plaintiff did not timely utilize the prison grievance procedure and therefore he has failed to properly exhaust his administrative remedies. *See Fields v. U.S.,* 2006 WL 3483935, 2 (N.D.Ohio 2006); *citing Woodford*, 126 S.Ct. at 2382-83 (2006) (Where the prisoner's grievance is denied as untimely, it has not been properly exhausted, and the prisoner may be procedurally barred from bringing that claim in federal court.)

Accordingly, **IT IS THEREFORE RECOMMENDED THAT** defendants' motion to dismiss (doc. 7) be **GRANTED** and this case be **CLOSED.**

**DATE: August 24, 2007**              s/Timothy S. Black
                                        Timothy S. Black
                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CEDRIC J. MARBURY,

      Plaintiff,                                      Case No. 1:06-cv-196

vs.                                              Spiegel, J.
                                                     Black, M.J.

LORA ABRAHAM, *et al.*,

      Defendants.

**NOTICE**

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).