UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CEDRIC J. MARBURY,                    :
                                      :   NO. 1:06-CV-00196
     Plaintiff,                       :
                                      :   **OPINION AND ORDER**
                                      :
     v.                               :
                                      :
                                      :
LORA ABRAHAM, et al.,                 :
                                      :
     Defendants.                      :

        This matter is before the Court on the Magistrate Judge's
Report and Recommendation in which the assigned Magistrate Judge
recommended Defendants' motion to dismiss be granted and this case
be closed (doc. 13), Plaintiff's Objection thereto (doc. 16), and
Defendants' Reply to Plaintiff's Objection (doc. 19).   For the
reasons stated herein, the Court REJECTS the Report and
Recommendation and DENIES Defendants' Motion to Dismiss.

**I. Discussion**

        Plaintiff, a prisoner in the custody of the Ohio
Department of Rehabilitation and Correction ("ODRC"), was formerly
placed at the Warren Correctional Institution in Lebanon, Oho.
Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging
Eighth Amendment violations by prison officials with respect to
conditions of his confinement, particularly interference with
access to the courts (Id.).   The factual and procedural history of
Plaintiff's attempts to file an appeal to the Supreme Court of Ohio

has been thoroughly detailed in the Magistrate Judge's Report and Recommendation and need not be replicated here (Id.). Relevant to this Order is the time line of Plaintiff's use of the prisoner grievance procedure. The conduct at the root of Plaintiff's complaint occurred on May 19, 2004, when Plaintiff alleges Defendant failed to mail paperwork necessary for Plaintiff's notice of appeal to the Ohio Supreme Court to be filed (Id.). After he learned his notice of appeal could not be filed because of the missing documents on May 26, 2004, Plaintiff filed a motion for a delayed appeal to the Supreme Court of Ohio which was denied on August 4, 2004 (Id.). Plaintiff filed an "Informal Complaint Resolution Form" about the incident on August 16, 2004 (Id.). Under the ODRC grievance process, this form must be filed within fourteen days of the incident complained about (Id.). Plaintiff's grievance was denied as untimely on October 8, 2004 (Id.). Plaintiff's second informal grievance, alleging the same claims, filed on February 23, 2006, was also denied as untimely (Id.). After each informal grievance was denied, Plaintiff followed the ODRC grievance process by filing a formal grievance, and then a grievance appeal (Id.).

On October 13, 2006, Defendants filed a motion to dismiss the complaint, arguing that Plaintiff had failed to exhaust his administrative remedies as is required by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a) (doc. 7). In the Report

and Recommendation, after a thorough review of the factual and procedural history, as well as the relevant law, the Magistrate Judge concluded that Defendants' motion to dismiss was well-taken (doc. 13). The Magistrate Judge noted that the ODRC maintains a three-step inmate grievance system, consisting of an informal complaint, then, if not satisfied with the results, a formal grievance, and finally, if still dissatisfied, an appeal to the office of the Chief Inspector of ODRC (Id., citing Ohio Admin. Code §5120-9-31). Under 42 U.S.C. § 1997e, a prisoner cannot bring an action challenging prison conditions under 42 U.S.C. 1983 or any other federal law "until such administrative remedies as are available are exhausted" (Id.). Citing the Supreme Court case Woodford v. Ngo, 126 S. Ct. 2378 (2006), the Magistrate Judge stated that in order to properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules" (Id., also citing Jones v. Bock, 127 S.Ct. 910, 913 (2007)). The Magistrate Judge concluded that Plaintiff failed to properly exhaust his administrative remedies in accordance with ODRC rules by filing his informal grievance more than fourteen days after the incident complained about, and therefore dismissal was proper (Id., citing Fields v. U.S., 2006 WL 3483935, *2 (N.D. Ohio 2006)(Where a prisoner's grievance is denied as untimely, it has not been properly exhausted, and the prisoner may be procedurally barred

-3-

from bringing that claim in federal court.).

Plaintiff objects to the Report and Recommendation, arguing that he did, in fact, timely file his informal grievance, as it was within fourteen days after he was notified that his motion for delayed appeal to the Ohio Supreme Court was denied (doc. 16). Plaintiff states that any grievance would have been premature before Plaintiff's final delayed appeal was denied on August 4, 2004, because before that time Plaintiff "still had a remedy to file his appeal via motion for leave to file a delayed appeal" (Id., citing Rule II, Section 2(4)(a) of the Rules of Practice of the Supreme Court of Ohio). As a result, Plaintiff argues that "it is undisputable that [the] right to meaningful access to [the] courts is not violated where [an] available remedy exists", and therefore, he would have had no cause to file an informal grievance before his motion for delayed appeal was denied (Id., citing Bounds v. Smith, 430 U.S. 817 (1977)).

Defendants support the Magistrate Judge's conclusion, arguing that Plaintiff failed to timely utilize the grievance process because he filed his first informal grievance well after the incident in May where Plaintiff alleges Defendant failed to mail the paperwork necessary for Plaintiff's appeal to the Ohio Supreme Court to be filed, and therefore has not exhausted his administrative remedies (doc. 19).

After thoroughly reviewing this matter, the Court finds

-4-

Plaintiff's objections well-taken.  As stated above, a prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement.  42 U.S.C. § 1997e; <u>Wyatt v. Leonard</u>, 193 F.3d 876, 878 (6th Cir. 1999); <u>Brown v. Toombs</u>, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998).  Further, to exhaust administrative remedies, a Plaintiff must show that he has completed the administrative review process in accordance with the applicable procedural rules.  <u>Woodford</u>, 126 S. Ct. at 2387.  It is not disputed that Plaintiff completed the ODRC three step grievance process by first filing an informal grievance, then, a formal grievance, and finally, a grievance appeal (doc. 19).  What is disputed, however, is by what date Plaintiff needed to initiate the informal grievance process.  The Court agrees with Plaintiff that his informal grievance was timely filed, as it was within fourteen days after he was notified that his motion for delayed appeal to the Ohio Supreme Court was denied.  Plaintiff's complaint alleges that he was denied meaningful access to the courts in violation of the Eighth Amendment (doc. 1).  Thus, Plaintiff would not have had cause to initiate the administrative process until this final appeal to the Ohio Supreme Court was denied, on August 4, 2004.  Plaintiff filed his first informal grievance on August 16, 2004, within the fourteen days required by the ODRC grievance system.

Therefore, contrary to the Magistrate Judge's conclusion, the Court finds that Plaintiff did exhaust his administrative remedies in accordance with the ODRC three-step grievance process.[1]

## II. Conclusion

For the foregoing reasons, the Court SUSTAINS Plaintiff's objections, REJECTS the Report and Recommendation (doc. 13), and DENIES Defendants' Motion to Dismiss (doc. 7).

SO ORDERED.

Dated: January 23, 2008          /s/ S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge

---

[1] Because the Court finds that Plaintiff initiated the grievance process within the fourteen day period, the Court need not address the question of whether, had Plaintiff not timely filed his informal grievance, dismissal would be proper.