UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CEDRIC J. MARBURY,

    Plaintiff,

vs.

LORA ABRAHAM, *et al.*,

    Defendants.

Case No. 1:06-cv-196

Spiegel, J.
Black, M.J.

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 47) BE GRANTED; (2) PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT (Doc. 67) BE DENIED; (3) PLAINTIFF'S MOTION FOR COPIES OF ALL ORDERS (Doc. 64) BE DENIED; (4) PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCOVERY (Doc. 65) BE DENIED;AND THIS CASE BE CLOSED.**

Plaintiff is an inmate who brings this action pursuant to 42 U.S.C. § 1983. The case is presently before the Court on: (1) Defendants' motion for summary judgment (Doc. 47) and the parties' responsive memoranda (Docs. 68, 78); (2) Plaintiff's cross-motion for summary judgment (Doc. 67) and the parties' responsive memoranda (Docs. 69, 79); (3) Plaintiff's motion for copies of orders issued by the Court (Doc. 64); (4) Plaintiff's motion for an order compelling discovery (Doc. 65); and (5) Defendant's motion to strike (Doc. 69) and the parties's responsive memoranda (Doc. 79).

## I. FACTS

Plaintiff, a prisoner in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC"), formerly placed at the Warren Correctional Institution in Lebanon,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Ohio, filed this action alleging that certain prison officials violated and interfered with his right of access to the courts. (Doc. 1). Defendants are employees of ODRC, to wit: Lora Abraham, Unit Manager; Chae Harris, Deputy Warden of Operations; and Julia Bush, Deputy Warden of Special Services. (Doc. 22, ¶2). Plaintiff's complaint alleges that he was denied the opportunity to timely seek a discretionary appeal to the Supreme Court of Ohio of an adverse court of appeals decision on his criminal conviction decision. (*See generally* Doc. 1).

At some point after April 9, 2004, Plaintiff filed a notice of appeal with the Supreme Court of Ohio, seeking a discretionary review of an adverse decision of the Second District Court of Appeals of Ohio. (Doc. 1, Exhibit A). On May 13, 2004, Plaintiff alleges that he was placed in segregation at the Warren Correctional Institution under an administrative investigation. (Doc. 1, ¶ 8).

On or about May 14, 2004, Plaintiff received notice from the Clerk of the Supreme Court of Ohio ("Clerk"), dated May 10, 2004, advising him that his notice of appeal could not be filed because it "was not accompanied by two required items: the memorandum in support of jurisdiction . . .and the affidavit of indigency or $40 filing fee[.]" (*Id*. at ¶ 9; *see also*, Exhibits A attached thereto). The letter further stated that the materials must be received no later than May 24, 2004. (*Id*., Exhibit A).

On or about May 15, 2004, Plaintiff allegedly showed Defendant Harris the Clerk's letter and explained that he needed access to his legal materials in the vault.

(Doc. 1, ¶ 10). Plaintiff alleges that he also informed Defendants Bush and Abraham that he needed access to his legal materials in order to submit the proper documents to the Supreme Court of Ohio. (*Id*., ¶¶12, 15).

On or about May 19, 2004, Plaintiff finally retrieved his legal materials from the vault. (*Id*., ¶¶18-19). Plaintiff completed the "forms" on May 20, 2004, and delivered them to a Lt. Kenneth Williams, not a Defendant named herein. (*Id*., ¶20). Plaintiff alleges that Lt. Williams represented that he would mail the documents to the Clerk on May 20, 2004, and that the documents would arrive before the deadline on May 24, 2004. (*Id*. at ¶ 20.).

According to the complaint, Plaintiff was released from segregation on May 20, 2004. (*Id*., ¶21). After being released from segregation, Plaintiff attempted to get his documents back from Lt. Willams in order to give them to his family for personal delivery to the Clerk. (*Id*., ¶22). However, Lt. Williams informed Plaintiff that he already delivered the documents to the mailroom for processing. (*Id*., ¶22).

On May 24, 2004, Plaintiff received a copy of the "Personal A/C Withdrawal Check Out-Slip," which document Plaintiff alleges indicates that the cashier did not process the mail order for the documents until May 24, 2004. (*Id*., ¶23). This "Personal A/C Withdrawal Check Out-Slip" shows a date of May 19, 2004, and a later time-stamped date of May 24, 2004. (*Id*., Exhibit C). The significance of either date is not readily apparent from a review of the slip itself.

Thereafter, on May 26, 2004, Plaintiff was notified by the Clerk that his appeal was not filed because "[t]he materials necessary to perfect [the] appeal were not filed within the 45-day time period prescribed by Rule II, Section 2(A)(1)." (*Id.*, ¶24; *see also* Exhibit D, attached thereto). The Clerk's letter informed Plaintiff that he could pursue a delayed appeal. (*Id.*, Exhibit D).

Plaintiff requested a delayed appeal to the Supreme Court of Ohio on June 23, 2004, but his request was ultimately denied on August 4, 2004. (*Id.*, ¶25, Exhibit E attached thereto). After first administratively pursuing the prisoner grievance procedure to resolve claims now asserted in this case, on April 6, 2004, Plaintiff initiated this present case. (*Id.*).

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986).

"Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881,

886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment - rather, all facts must be viewed in the light most favorable to the non-moving party." *Id*.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. *See Celotex*, 477 U.S. at 323. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id*.

As held in *Celotex*, this "burden on the moving party may be discharged by 'showing'- that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325. Thus:

> regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied. One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses[.] *Id.* at 323-324.

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2).

## III. ANALYSIS

Prisoners possess a "fundamental constitutional right of access to the courts [which] requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers[.]" *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817 (1977)). This right prohibits prison officials from "'actively interfering with inmates' attempts to prepare legal documents, or file them." *Taylor v. Carlton*, 201 F.3d 441 (6th Cir. 1999). This right is established under the First and Fourteenth Amendments to the United States Constitution. *Sims v. Landrum*, 170 Fed.Appx. 954, 956 (6th Cir. 2006).

No violation of the right of access to the court occurs in the absence of actual injury. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). However, in doing so, a plaintiff need only show he was "hindered [in] . . . his efforts to pursue a nonfrivolous legal claim." *Lewis*, 518 U.S. at 343. Further, Plaintiff is required to demonstrate that he has suffered an actual injury because of some intentional, not merely negligent, act of Defendants. *See Sims*, 170 Fed.Appx. at 956-957.

Defendants first contend that summary judgment is proper because Plaintiff suffered no actual injury. Specifically, Defendants argue that Plaintiff has failed to show that his discretionary appeal to the Supreme Court of Ohio would have been accepted, or would have been ultimately successful. Defendants point to the following events showing that Plaintiff's claims would have not been meritorious: (1) Plaintiff's assignments of error in his direct appeal to the Second District Court of Appeals of Ohio

were overruled; (2) the Supreme Court of Ohio was not required to accept his discretionary appeal, and, further, actually denied Plaintiff's request for a delayed appeal; and (3) Plaintiff's writ of habeas corpus was dismissed.

First, the mere fact that the Supreme Court of Ohio denied Plaintiff's request for a delayed appeal has no bearing on the merits of Plaintiff's arguments. In a delayed appeal to the Supreme Court of Ohio, the Supreme Court merely determines whether the appellant sets forth "adequate reasons for the delay" in filing the appeal. Ohio S.Ct. R. II § 2(A)(4). Thus, the Supreme Court of Ohio's denial of Plaintiff's delayed appeal provides no insight on whether the court would have accepted or refused to accept Plaintiff's discretionary appeal.

Next, Defendants cite the case of *Mikko v. Davis*, 342 F.Supp.2d 643 (E.D. Mich. 2004), for the proposition that Plaintiff must show a mertiorious underlying claim. Defendants argue that Plaintiff cannot succeed in doing so because his claims were denied in his direct appeal and in his request for a writ of habeas corpus. However, the standard for actual injury is not quite as daunting as Defendants contend. A plaintiff need only show he was "hindered [in] . . . his efforts to pursue a *nonfrivolous* legal claim."[2]

---

[2] Notably, in Plaintiff's direct appeal to the Second District Court of Appeals of Ohio, Plaintiff's appellate attorney filed an *Anders*' brief in which the attorney asserted that "no meritorious issues for appellate review" existed. *State v. Marbury*, 2003 WL 21419286, 2003-Ohio-3242, ¶2 (Ohio App. 2 Dist. Jun. 20, 2003). However, the appellate court disagreed and determined that "at least one claimed error arising from the trial proceeding is not frivolous for purposes of *Anders*." *Id.* at ¶13. Specifically, Plaintiff argued in that court that the trial court erroneously refused his requests to instruct the jury on the "no duty to retreat" law encompassed in the law of self-defense. *Id*. at ¶6. Ultimately, however, the court of appeals rejected Plaintiff's assignment of error in this regard. *State v. Marbury*, 2004 WL 758404, 2004-Ohio-1817, ¶¶19-21 (Ohio App. 2 Dist. 2004).

*Lewis*, 518 U.S. at 343 (emphasis added).

Finally, it should be noted that the Sixth Circuit has held, simply, that "if a prisoner misses a filing deadline as a result of 'interference' by the prison, he has met the actual-injury requirement." *Sims*, 170 Fed.Appx. at 956-957 (citing *Harbin-Bey*, 420 F.3d at 578). The case of *Sims* involved a prisoner's claim that prison officials denied him access to the courts when his application for discretionary leave to the Michigan Supreme Court was received by the court after the filing deadline, resulting in a dismissal of the prisoner's application. *Sims*, 170 Fed.Appx. at 955.

Even assuming, without deciding, that Plaintiff can successfully prove that his underlying appeal to the Supreme Court of Ohio was nonfrivolous, Defendants further argue that there is no evidence showing that any Defendant acted with an intent to deprive Plaintiff of his right to access of the courts. "In order to establish an access to the courts violation under § 1983, a prisoner must prove that the violation was intentional, not merely negligent." *Wojnicz v. Davis*, 80 Fed.Appx. 382, 284 (6th Cir. 2003). Typically, "[a]s long as a plaintiff has presented some evidence of intent supporting his position, summary judgment is usually not appropriate in a case that involves weighing conflicting questions of intent." *Ruiz v. Fisher*, 165 F.3d 28 (6th Cir. 1998).

However, "[e]ven in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Coll v. PB Diagnostic Systems, Inc.*, 50 F.3d 1115, 1121 (1st Cir. 1995) (citing *Medina-Muñoz v.*

*R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990); *see also Helwig v. Pennington*, 30 Fed. Appx. 516, 518-519 (6th Cir, 2002) (stating that "[s]ummary judgment is usually appropriate in state-of-mind cases only if the nonmoving party 'rests merely upon conclusory allegations, improbable inferences, and unsupported speculation'"); *Priddy v. Smith*, 134 F.3d 372 (6th Cir. 1997); *Picha v. City of Parma*, 958 F.2d 372 (6th Cir. 1992).

Here, in his response to Defendants' motion for summary judgment, Plaintiff sets forth a number of facts unsupported by any evidence in the record. (Doc. 66). Plaintiff explains that, on May 15, 2004, he informed Defendant Harris that "he needed access to his property in the vault" and that Defendant Harris told Plaintiff that "he would have someone look into the matter." (Doc. 66, p. 3). Plaintiff further states that he told a Lt. Harris of his need to access his personal property, but that Lt. Harris informed him that "it was the responsibility of unit staff to escort inmates in segregation to the vault to access their personal property." (*Id*.)

Next, Plaintiff states that, on May 17, 2004, he told Defendant Bush he needed to "retreieve his legal documents to meet the dealdine for filing his appeal." (*Id*., p. 4). However, according to Plaintiff, Bush, just like Lt. Harris, also defaulted to the unit manager, Defendant Abraham. (*Id*.) Plaintiff then states that he sent "kites" to Abraham, Murile Reine and others about his need to access his personal property. (*Id*.) In response to a "kite," Reine spoke with Plaintiff on May 19, 2004, and later that day, Plaintiff was escorted to the vault to retrieve his legal materials. (*Id*.) Plaintiff states he completed the

materials on May 20, 2004, and gave the materials to Lt. Harris for mailing that same day. (*Id.*, p. 5).

Defendants moved to strike the recitation of facts in Plaintiff's response. (Doc. 69). Specifically, Defendants argue that no evidence in the record supports Plaintiff's statement of such facts. (*Id.*) Pursuant to Fed.R.Civ.P. 56(e)(2):

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Here, no affidavits or other evidence permitted under Fed. R. Civ. P. 56 support the factual statements set forth by Plaintiff in his response/cross-motion for summary judgment. As a result, Defendants' motion to strike in this regard has merit. Moreover, even if considered, the statement of facts set forth in Plaintiff's response/cross-motion does not provide any specific facts indicating intentional conduct on the part of Defendants to deprive Plaintiff of his right to access the courts.

The only evidence submitted by Plaintiff in opposition to summary judgment were affidavits from: (1) Djuna L. Brown, Plaintiff's fiancee; (2) Betty Brown, presumably Djuana Brown's mother; (3) Dion Thompkins, an inmate who was in the segregation unit with Plaintiff; and (4) Ronald Hodge, another inmate who was in segregation with Plaintiff. (Doc. 66, 67; Exhibits A, B, C & D). Notably, Plaintiff never submitted an affidavit of his own.

Djuana Brown's affidavit merely provides that Plaintiff told her he was "not permitted" access his legal materials. (Doc. 67, Exhibt A, ¶5). Further, Djuana Brown opines that the untimeliness of Plaintiff's discretionary appeal to the Supreme Court of Ohio was "the result [o]f negligence committed by prison officials[.]" (Doc. 67, Exhibit A). Just like Djuana Brown's affidavit, Betty Brown's affidavit essentially states that Plaintiff also told her "that he was denied access to his legal materials[.]" (Doc. 67, Exhibit B, ¶5).

Defendants moved to strike the affidavits of Djuana Brown and Betty Brown. (Doc. 69). Even if the affidavits are considered, as well as the statements in Plaintiff's recitation of facts, all that can be derived from such "evidence" are conclusory statements that Plaintiff was not given access to his legal materials until May 19, 2004, four days after first informing anyone of his need to access such materials, and five days before his deadline.

"[C]onclusory assertions, unsupported by *specific facts* made in affidavits opposing a motion for summary judgment, are not sufficient to defeat a motion for summary judgment." *Thomas v. Christ Hosp. and Med. Ctr.*, 328 F.3d 890, 894 (7th Cir. 2003) (emphasis added). Under Fed.R.Civ.P. 56(e), "judgment 'shall be entered' against the nonmoving party unless affidavits or other evidence 'set forth specific facts showing that there is a genuine issue for trial.'" *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-889; *see also Engle v. Meister*, 495 F.Supp.2d 826, 835 (S.D. Ohio 2007) (finding statements in an affidavit conclusory where such statements did "not remotely identify the

actions" of defendant that constituted the alleged offense). As stated by the United States Supreme Court in *Lujan*, "[t]he object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan*, 497 U.S. at 888-889; *see also Engle*, 495 F.Supp.2d at 835.

Because the affidavits of Djuana and Betty Brown provide no specific factual information evidencing any intentional conduct on the part of any Defendant to deprive Plaintiff of his right to access the courts, they are conclusory and do not assist Plaintiff in meeting his burden under Fed.R.Civ.P. 56. *See Engle*, 495 F.Supp.2d at 835 n5. Further, the affidavits of Thompkins and Hodge merely establish that, at some point, Plaintiff, Thompkins and Hodge informed prison employees of Plaintiff's need to access his legal materials while in segregation. (Doc. 67, Exhibits C & D). However, neither affidavit presents any specific facts suggesting that Plaintiff's lack of access to his materials until May 19, 2004, was the result of any intentional conduct on the part of Defendants.

Thus, Plaintiff has failed to present any facts to support the conclusory allegations that Defendants intentionally interfered with his right to access of the courts by intentionally delaying Plaintiff access to his legal materials. Further, there no evidence supporting Plaintiff's contention that any alleged delay in mailing his materials to the Supreme Court of Ohio was the result of intentional conduct on the part of any Defendant.

Thus, because there is no evidence of conduct beyond mere negligence, summary judgment in favor of Defendants is proper as a matter of law. Defendants' remaining

arguments are moot.

## IV. CONCLUSION

Accordingly, the undersigned concludes that Defendants' motion for summary judgment is well-taken. Therefore, based on the foregoing, the undersigned **RECOMMENDS** that:

(1) Defendants' motion for summary judgment (Doc. 47) be **GRANTED**;

(2) Plaintiffs' cross-motion for partial summary judgment (Doc. 67) be **DENIED**;

(3) Defendants' motion to strike (Doc. 69) be **DENIED** as moot;

(4) Plaintiff's motion for Copies of all Orders (Doc. 64) be **DENIED;**[3]

(5) Plaintiff's motion to compel (Doc. 65) be **DENIED.**[4]

DATE: August 24, 2009  s/ Timothy S. Black
Timothy S. Black
United States Magistrate Judge

---

[3] In his motion for copies of particular orders, Plaintiff states that he did not receive orders on four particular motions. A review of the record, however, reveals that such orders (Docs. 61, 63) were sent to Plaintiff at Mansfield Correctional Institution, Mansfield, Ohio.

[4] The Court has denied Plaintiff's motion in this regard previously (Doc. 63), and denies this motion for the same reasons set forth therein.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CEDRIC J. MARBURY,

    Plaintiff,

vs.

LORA ABRAHAM, *et al.*,

    Defendants.

Case No. 1:06-cv-196

Spiegel, J.
Black, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") **WITHIN TEN DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections **WITHIN TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).