UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CEDRIC J. MARBURY, | : | NO. 1:06-CV-00196 |
| Plaintiff, | : | |
| v. | : | **OPINION AND ORDER** |
| LORA ABRAHAM, et al., | : | |
| Defendants. | : | |

This matter is before the Court on the Magistrate Judge's August 24, 2009, Report and Recommendation, recommending that summary judgment be granted to Defendants and denied to Plaintiff; that Defendants' Motion to Strike be denied as moot; that Plaintiff's motions to compel and for Copies of all Orders be denied; and that the case be dismissed from the Court's docket (doc. 80). Plaintiff filed his objections to the report on November 5, 2009 (doc. 84). For the reasons indicated herein, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct. The Court therefore ADOPTS the Report and Recommendation (doc. 80), thus GRANTING Defendants' Motion for Summary Judgment (doc. 47), DENYING Plaintiff's Cross-Motion for Summary Judgment (doc. 67), DENYING Defendants' Motion to Strike (doc. 69), DENYING Plaintiff's Motion for Copies of all Orders (doc. 64), DENYING Plaintiff's Motion to Compel (doc. 65), and DISMISSING this case from the Court's docket.

**I. Factual and Procedural Background**

The Magistrate Judge's Report and Recommendation is thorough, well-reasoned and correct and the Court will not reiterate it here in its entirety but, instead, incorporates it by reference (doc. 80). In short, however, Plaintiff is currently a prisoner in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC"), and he alleges that certain prison officials, Defendants in this case, interfered with his access to the courts (Id.). Specifically, he claims that access to his legal file, which he needed to complete the requisite forms for his appeal to the state supreme court, was delayed (Id.). When he was able to access the materials, he then filled out the documents and was told by an ODRC employee not named in this suit that the documents would be mailed that day and would make it to the court before the deadline (Id.). The documents did not arrive until after the deadline, and the supreme court informed Plaintiff that he could pursue a delayed appeal, which delayed appeal was ultimately denied by the Ohio Supreme Court (Id.).

Plaintiff, pursuant to 42 U.S.C. §1983, commenced this action pro se, claiming that his due process rights were violated by the ODRC employees (Id.). Defendants filed a motion for summary judgment (doc. 47), to which Plaintiff responded (doc. 66), and Plaintiff filed a cross-motion for summary judgment (doc. 67), to which Defendants responded (doc. 68). In addition, Plaintiff filed

2

a motion for Copies of all Orders Issued by the Court, wherein he requests copies of multiple orders that had been issued by the Magistrate Judge but which Plaintiff claims he never received (doc. 64) and a motion for Order Compelling Discovery, wherein he seeks a copy of the deposition of Plaintiff taken on July 10, 2008 (doc. 65). Defendants also filed a motion to strike portions of Plaintiff's documents supporting his summary judgment motion and his memorandum in opposition to summary judgment, contending that the evidence they seek to be stricken is hearsay and/or irrelevant and/or not based on personal knowledge of the affiant (doc. 69).

**II. Magistrate Judge's Report and Recommendation**

The Magistrate Judge first took issue with Defendants' assertion that Plaintiff suffered no injury, as the standard for actual injury is much lower than Defendants contended (doc. 80, citing Lewis v. Casey, 518 U.S. 343 (1996)). Indeed, the Magistrate Judge cited to a Sixth Circuit case that appears to be on point regarding the "actual injury" prong of the access-to-the-court claim, which case states, "if a prisoner misses a filing deadline as a result of 'interference' by the prison, he has met the actual-injury requirement" (Id., citing Sims v. Landrum, 170 Fed.Appx. 954, 956-57 (6th Cir. 2006)).

However, the Magistrate Judge then found that Plaintiff had not adduced sufficient evidence regarding the intentionality prong of the claim (Id., quoting Wojnicz v. Davis, 80 Fed.Appx.

3

382, 384 (6th Cir. 2003)("In order to establish an access to the courts violation under §1983, a prisoner must prove that the violation was intentional, not merely negligent.")). Specifically, the Magistrate Judge noted that Plaintiff did not submit an affidavit from himself, and the affidavits he submitted from others contained no specific facts evidencing or even suggesting that Defendants' conduct was intentionally done to prevent Plaintiff from accessing the courts (Id.). Consequently, with no evidence of conduct rising above negligence, the Magistrate Judge found that summary judgment for Defendants was proper (Id.).

**III. Plaintiff's Objections**

Plaintiff argues that the Magistrate Judge's conclusion that Plaintiff did not present facts supporting the allegation that Defendants intentionally interfered with his access to the courts is in error because it was "an unreasonable determination of the facts in light of the evidence presented" (doc. 84). Specifically, Plaintiff argues that to prove intentionality, inferences must often be made from the circumstances of the situation (Id.). Here, Plaintiff contends that he produced evidence of these circumstances, and intentional interference with his access to the courts can be inferred from those circumstances (Id.). He points in particular to the two affidavits of his fellow prisoners wherein they attest to having notified prison officials that Plaintiff needed access to his legal materials (Id.).

4

Further, Plaintiff contends that the Magistrate Judge's Report and Recommendation erroneously fails to address Plaintiff's Motion for Summary Judgment and urges this Court to not only address the motion but grant it (Id.).

## IV. Discussion and Analysis

The Court is unpersuaded by Plaintiff's objections. What Plaintiff argues are "facts" may very well be, in that the allegations he makes in his pleadings may have actually occurred, but that misses the point. In order to survive a motion for summary judgment, Plaintiff needed to have submitted to the Court evidence that Defendants intentionally interfered with Plaintiff's access to the courts. He simply did not do this, even when all inferences from the evidence in the record are drawn in the light most favorable to Plaintiff. This is because the record is long on allegations and conclusory statements and short on evidence.

Accepting as true the statements made in the affidavits submitted by Plaintiff, all that is before the Court is that at some point Plaintiff's co-inmates informed ODRC employees that Plaintiff needed to access his legal materials, and he was not able to do so until four days had passed since his first request and five days before the state court's deadline. In addition, accepting as true the facts presented by Plaintiff in his pleadings, the Court is left with Plaintiff having been told by an ODRC employee that his papers would get to the state court on time,

5

and they did not get there.  In both his response to Defendants' Motion for Summary Judgment and in his own cross-motion for summary judgment, Plaintiff asks this Court to infer from what is presented in the affidavits and Plaintiff's pleadings that ODRC employees acted intentionally to prevent him from accessing the courts (docs. 66 and 67).  That inference requires a leap that is simply unsupported by the record, not permitted by the federal rules of civil procedure, and is outside the bounds of reasonable.  The Court cannot and will not take it.

As the Magistrate Judge correctly noted, allegations and "facts" presented in a plaintiff's pleadings are simply not sufficient to create a genuine issue of fact; instead, evidence is necessary.  However, even if the Court were to look beyond the mandates of the federal rules of civil procedure and consider not only the four affidavits presented by Plaintiff but also the unsupported "facts" he presented in his Complaint, evidence of negligence is present, but evidence of intentional misconduct by Defendants is simply not in the record.  For example, Plaintiff states in his objections to the Magistrate Judge's Report that "the mere fact that Defendants Harris and Bush deliberately ignored his requests constitutes 'intentional conduct' on the part of the Defendants" (doc. 84).  But Plaintiff has presented no evidence that Harris and Bush "deliberately ignored" anything.  He may believe they did–he may even feel sure that they did; but simply

stating that they "deliberately ignored his requests" does not make it a fact. Plaintiff later argues that "Harris' and Bush's conduct in ignoring Plaintiff's requests...can constitute intentional conduct" and that, thus, he did produce evidence sufficient to defeat summary judgment (doc. 84). However, while it is true that a failure to escort Plaintiff to the vault could have been intentional conduct on Harris and Bush's part, it is also true that it could have been negligent conduct. Plaintiff has produced no <u>evidence</u> to point to the former over the latter, and he needed to have in order to survive Defendants' motion. In short, Plaintiff has produced nothing other than his speculation or opinion regarding Defendants' state of mind, and that is insufficient to defeat summary judgment. <u>See</u>, <u>e.g.</u>, <u>Helwig v. Pennington</u>, 30 Fed.Appx. 516 (6th Cir. 2002). Plaintiff has not presented a record that creates a genuine issue for trial on this claim and, as a result, summary judgment for Defendants is appropriate.

For the same reasons, the Court, having reviewed Plaintiff's Cross-motion for Summary Judgment (doc. 67), finds such motion unpersuasive. Plaintiff did not present a record that would entitle him to judgment as a matter of law on his claim.

**V. CONCLUSION**

Having reviewed this matter <u>de novo</u>, pursuant to Title 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation to be thorough, well-reasoned and correct.

7

Accordingly, the Court hereby ADOPTS the Report and Recommendation (doc. 80), and GRANTS Defendants' Motion for Summary Judgment (doc. 47), DENIES Plaintiff's Cross-Motion for Summary Judgment (doc. 67), DENIES Defendants' Motion to Strike as moot (doc. 69), DENIES Plaintiff's Motion for Copies of all Orders (doc. 64), DENIES Plaintiff's Motion to Compel (doc. 65), and DISMISSES this case from the Court's docket.

SO ORDERED.

Dated: December 8, 2009         s/S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge